UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TINA MANN,<br>   *PLAINTIFF*<br>V.<br><br>JEFFERSON CAPITAL SYSTEMS, LLC<br>   DEFENDANT | CASE NO: 5:25-CV-1706 |

## COMPLAINT

Plaintiff, complaining of the Defendant, alleges and says:

**PARTIES**

1. Plaintiff Tina Mann is a resident of Bexar County, Texas.
2. Defendant Jefferson Capital Systems, LLC is a foreign LLC formed under the laws of Georgia with a principal place of business in Minnesota. They can be served by service upon their registered agent, Corporation Service Company dba CSC-Lawyers Inc. at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 15 USCS § 1692k, which provides that an action to enforce any liability created by the Fair Debt Collection Practices Act may be brought in any appropriate United States district court without regard to the amount in controversy, within one year from the date on which the violation occurs.
4. This Court has personal jurisdiction over Jefferson Capital Systems, LLC as Jefferson Capital Systems was collecting debt in San Antonio, Bexar County, Texas.

5. This Court is the proper venue for this case pursuant to 28 USCS § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas.

**STATEMENT OF FACTS**

6. Plaintiff originally owed a debt to Conn's Credit for a couch she bought for her home on July 20, 2024. This purchase qualifies as personal, family, or household purposes.

7. Conn's and their associated entities filed bankruptcy on or about July 23, 2024 and the stores closed.

8. While in business, Conn's was known for having many problems in their accounting and collections. For example, they were once counter-sued by Sherman Originator III LLC, one of the largest debt buyers in the country, for having such a high error rate in their consumer debts purchased by Sherman that they were uncollectible[1].

9. Defendant Jefferson Capital Systems, LLC purchased the consumer debt portfolio of Conn's in or around November 2024 after getting permission from the bankruptcy court. Defendant is now attempting to collect on this debt, including the one allegedly owed by Plaintiff Tina Mann.

10. Plaintiff never received the original contract as it was done electronically by a salesman at Conn's who promised to email it to her but did not. The salesperson at Conn's Appliances, where she was buying the couch, filled out the application for credit online and said she would receive a copy in her email but this did not happen. However, Plaintiff did get other emails from Conn's – just not her contract.

11. Plaintiff was never allowed to see the contract until January of 2025 when she finally was sent a copy.

---

[1] *See Conn Credit v. Sherman Originator III LLC,* Case No. 4:15-cv-3713, United States District Court for the Southern District of Texas, Houston Division.

12. When she finally got a copy of the contract, Plaintiff realized what she had been suspecting – that she was charged for multiple things on top of the cost of her purchased furniture.

13. As a result of not getting the contract, despite asking for it multiple times between her purchase in July, 2024, and finally receiving it in January of 2025, Plaintiff did not initially know she was paying for multiple unnecessary items that she had not agreed to purchase.

14. Plaintiff did eventually get a copy of what Conn's referred to as a "Loan Ledger" dated April 3, 2025. This showed that not only was she charged for property insurance, but she was also charged for a $125 "administrative fee". This ledger neglects to state the cost of her actual purchases, and yet it seems to be all that Defendant could provide.

15. Additionally, the amount listed as "Principal Balance" of $2,210.29 included this "administrative fee" and the insurance, but these are separated out from the "New Loan Advance" which was only the cost of the couch and delivery.

16. Because the administrative fee and insurance were mandatory – Plaintiff could not have financed the couches without them as they were added in from the beginning without her knowledge – these charges count as part of the finance charge and should have been added into the APR, making the APR reported by Conn's on her contract completely incorrect.

17. The contract included charges for property insurance which it states was mandatory unless the purchaser had renter's or homeowner's insurance. Plaintiff had renter's insurance and would not have had to pay for this property insurance nor its interest if she had been told about this verbally or by getting the contract.

18. Conn's did not deliver her couch on the date specified. It took numerous calls to get the delivery to occur and she was told the delivery fee would be waived.

19. Ms. Mann did cancel the "protection plan" that she had not agreed to in February 2025 – once she received the copy of the contract – but the refund was smaller than the original cost plus the interest that had been accumulating.
20. Plaintiff disputed the debt with Conn's through the CFPB and Better Business Bureau but Conn's did not make any changes.
21. After receiving Defendant's first collection letter, Plaintiff disputed the debt with Defendant.
22. Defendant did not make adjustments to the amount owed after Plaintiff's dispute.
23. Defendant did not address Plaintiff's individual issues regarding the disputed charges.
24. After Plaintiff disputed the debt, Defendant began reporting the debt on Plaintiff's credit report as a second way of collection.
25. Plaintiff has incurred costs for mailing multiple dispute letters.
26. Plaintiff has lost time dealing with this issue and eventually was forced to hire a lawyer to represent her.
27. Due to the inaccuracy of the debt amount, Plaintiff has not made payments, which has created an issue on her credit reports.

**CLAIMS FOR RELIEF**

### COUNT I

**VIOLATION OF THE FDCPA - COLLECTION OF UNAUTHORIZED AMOUNT- VIOLATION OF 15 USCS § 1692F**

**(against defendant Jefferson Capital Systems, LLC)**

20. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.
21. Defendant is a debt collector as defined by the FDCPA.
22. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another.

23. The debt Defendant is attempting to collect is a consumer debt primarily for personal, family, or household purposes.

24. Defendant attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

25. Specifically, Defendant attempted to collect charges for property insurance when Plaintiff had renters insurance.

26. Defendant also attempted to collect a delivery fee that was supposed to be waived.

## COUNT II

### VIOLATION OF THE FDCPA - FAILURE TO CEASE COLLECTION AFTER DISPUTE IN VIOLATION OF 15 USCS § 1692G

### (against defendant Jefferson Capital Systems, LLC)

28. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

29. Defendant is a debt collector as defined by the FDCPA.

30. The debt Defendant is attempting to collect is a consumer debt primarily for personal, family, or household purposes.

31. Plaintiff notified Defendant in writing that the debt was disputed.

32. Defendant failed to cease collection of the debt until obtaining verification of the debt.

33. Instead of ceasing collection activities and verifying the debt, Defendant continued collection efforts by reporting the debt to credit bureaus before responding to Plaintiff's dispute.

34. Defendant did not address Plaintiff's specific disputes regarding the property insurance charges and delivery fee.

35. Defendant did not make any adjustments to the amount owed despite Plaintiff's valid disputes.

## COUNT III

## VIOLATION OF THE FDCPA - FALSE REPRESENTATION OF DEBT IN VIOLATION OF 15 USCS § 1692E

### (against defendant Jefferson Capital Systems, LLC)

36. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.
37. Defendant is a debt collector as defined by the FDCPA.
38. The debt Defendant is attempting to collect is a consumer debt primarily for personal, family, or household purposes.
39. Defendant used false, deceptive, or misleading representations or means in connection with the collection of the debt.
40. Specifically, Defendant falsely represented the character, amount, and legal status of the debt.
41. Defendant misrepresented the amount of the debt by including charges for property insurance when Plaintiff had renters insurance and did not want or need the property insurance.
42. Defendant misrepresented the amount of the debt by including a delivery fee that was supposed to be waived.
43. Defendant misrepresented the amount of the debt to the credit bureaus as well as to Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. Statutory damages against Defendant in the amount of $1,000 pursuant to 15 USCS § 1692k;

B. Actual damages against Defendant in an amount to be determined at trial, including but not limited to costs for mailing dispute letters, lost time, and damage to credit, pursuant to 15 USCS § 1692k;

C. Costs of this action and reasonable attorney's fees pursuant to 15 USCS § 1692k;

D. A declaration that Defendant violated the Fair Debt Collection Practices Act;

E. An order requiring Defendant to correct its credit reporting regarding Plaintiff's debt and to cease collection of the disputed amounts;

F. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

_/s/ Amy Beth Clark_

Amy Beth Clark, TX Bar No. 24043761
amy@cimentlawfirm.com
Ciment Law Firm, PLLC
221 Bella Katy, Dr.
Katy, Texas 77494
Ph: 833-663-3289
eService: cpfiling@cimentlawfirm.com
Attorney for Plaintiff, Tina Mann