IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TINA MANN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 5:25-cv-01706-MA |
| § | |
| JEFFERSON CAPITAL § | |
| SYSTEMS, LLC, § | |
| § | |
| Defendant. § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, Jefferson Capital Systems, LLC ("JCAP"), through counsel and pursuant to the Federal Rules of Civil Procedure, hereby submits its Answer and Affirmative Defenses to the Complaint filed by plaintiff, Tina Mann ("plaintiff"), and states:

**PARTIES**

1. JCAP denies the allegations in ¶ 1 for lack of knowledge or information sufficient to form a belief therein.

2. JCAP admits it is an limited liability company with an office located in Minnesota and that it may be served in Texas through its registered agent. Except as specifically admitted, JCAP denies the allegations in ¶ 2.

**JURISDICTION AND VENUE**

3. JCAP denies the allegations in ¶ 3 as calling for a legal conclusion.

4. JCAP denies the allegations in ¶ 4 as calling for a legal conclusion.

5. JCAP denies the allegations in ¶ 5 as calling for a legal conclusion.

**STATEMENT OF FACTS**

6. JCAP admits plaintiff owed a debt to Conn's Credit. Except as specifically admitted, JCAP denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein.

7. JCAP admits the allegations in ¶ 7.

8. JCAP denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9. JCAP admits it acquired plaintiff's account previously owed to Conn's. Except as specifically admitted, JCAP denies the allegations in ¶ 9.

10. JCAP denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11. JCAP denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12. JCAP denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein.

13. JCAP denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a belief therein.

14. The loan ledger speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 14 state otherwise or misrepresent the contents of the ledger, they are denied.

15.     The loan ledger speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 15 state otherwise or misrepresent the contents of the ledger, they are denied.

16.     JCAP denies the allegations in ¶ 16 for lack of knowledge or information sufficient to form a belief therein.

17.     JCAP denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief therein.

18.     JCAP denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a belief therein.

19.     JCAP denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief therein.

20.     JCAP denies the allegations in ¶ 20 for lack of knowledge or information sufficient to form a belief therein.

21.     Plaintiff's letter speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 21 state otherwise or misrepresent the contents of the letter, they are denied.

22.     JCAP denies the allegations in ¶ 22.

23.     JCAP denies the allegations in ¶ 23.

24.     JCAP admits it furnished the account to the credit reporting agencies. Except as specifically admitted, JCAP denies the allegations in ¶ 24.

25.     JCAP denies the allegations in ¶ 25 for lack of knowledge or information sufficient to form a belief therein.

26. JCAP denies the allegations in ¶ 26 for lack of knowledge or information sufficient to form a belief therein.

27. JCAP admits it has not received any payment from plaintiff on the account. Except as specifically admitted, JCAP denies the allegations in ¶ 27 for lack of knowledge or information sufficient to form a belief therein.

**CLAIMS FOR RELIEF**

### COUNT I

### [ALLEGED] VIOLATION OF THE FDCPA - COLLECTION OF UNAUTHORIZED AMOUNT - VIOLATION OF 15 USC § 1692F

**(against defendant Jefferson Capital Systems, LLC)**

20. [sic] JCAP reasserts the foregoing as if fully stated herein.[1]

21. JCAP denies the allegations in ¶ 21 as calling for a legal conclusion.

22. JCAP denies the allegations in ¶ 22.

23. JCAP denies the allegations in ¶ 23 for lack of knowledge or information sufficient to form a belief therein.

24. JCAP denies the allegations in ¶ 24.

25. JCAP denies the allegations in ¶ 25

26. JCAP denies the allegations in ¶ 26.

### COUNT II

### [ALLEGED] VIOLATION OF THE FDCPA – FAILURE TO CEASE COLLECTION AFTER DISPUTE IN VIOLATION OF 15 USC § 1692G

---

[1] Plaintiff's Complaint misnumbers the paragraphs in Counts I, II, and III, and restarted the numbering at paragraph 20.

**(against defendant Jefferson Capital Systems, LLC)**

28. JCAP denies the allegations in ¶ 28.

29. JCAP denies the allegations in ¶ 29 as calling for a legal conclusion.

30. JCAP denies the allegations in ¶ 30 for lack of knowledge or information sufficient to form a belief therein.

31. JCAP denies the allegations in ¶ 31.

32. JCAP denies the allegations in ¶ 32.

33. JCAP denies the allegations in ¶ 33.

34. JCAP denies the allegations in ¶ 34.

35. JCAP denies the allegations in ¶ 35.

## COUNT III

## [ALLEGED] VIOLATION OF THE FDCPA – FALSE REPRESENTATION OF DEBT IN VIOLATION OF 15 USC § 1692E

**(against defendant Jefferson Capital Systems, LLC)**

36. JCAP reasserts the foregoing as if fully stated herein.

37. JCAP denies the allegations in ¶ 37 as calling for a legal conclusion.

38. JCAP denies the allegations in ¶ 38 for lack of knowledge or information sufficient to form a belief therein.

39. JCAP denies the allegations in ¶ 39.

40. JCAP denies the allegations in ¶ 40.

41. JCAP denies the allegations in ¶ 41.

42. JCAP denies the allegations in ¶ 42.

43. JCAP denies the allegations in ¶ 43.

## PRAYER FOR RELIEF

JCAP denies any violations, liability, damages, or wrongdoing under the law, and further denies that plaintiff is entitled to the relief requested in the unnumbered WHEREFORE paragraph and its subparagraphs A-F.

## JURY DEMAND

JCAP admits plaintiff has demanded a jury trial but denies any violations, liability, damages, or wrongdoing under the law, and further denies that plaintiff is entitled to a jury trial. Except as specifically admitted, JCAP denies the allegations in the unnumbered paragraph.

## JCAP'S AFFIRMATIVE DEFENSES

1. Upon information and belief, this Court lacks jurisdiction due to the presence of mandatory binding arbitration in the account agreement.

2. To the extent that any violations are established, any such violations were not intentional and resulted from *bona fide* error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

3. JCAP denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of JCAP's purported violations.

4. JCAP pleads the affirmative defense of setoff.

5. One or more claims asserted by Plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

6. Assuming that Plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

7. Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than JCAP and were beyond the control or supervision of JCAP or for whom JCAP was and is not responsible or liable.

8. Plaintiff has failed to state a claim against JCAP upon which relief may be granted.

WHEREFORE, Defendant, Jefferson Capital Systems, LLC, respectfully requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

                                                Respectfully Submitted,

                                                */s/ Whitney L. White*
Whitney L. White
Texas Bar No. 24075269
SESSIONS, ISRAEL & SHARTLE, LLC
5700 Granite Pkwy., Suite 260
Plano, Texas 75024
Telephone: (214) 741-3001
Facsimile: (214) 741-3098
Email: wwhite@sessions.legal

*Attorney for Defendant,*
*Jefferson Capital Systems, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2026, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Western District of Texas, and served via CM/ECF upon the following:

Amy Beth Clark
CIMENT LAW FIRM, PLLC
221 Bella Katy Drive
Katy, Texas 77494
Telephone: (833) 663-3289
Email: amy@cimentlawfirm.com
*Attorney for Plaintiff*

>                              */s/ Whitney L. White*
>                              Whitney L. White